IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-00968-BO-RN

| | |
|---|---|
| BRETT DeSELMS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| OLIVER W. FORD, ) | |
|     Defendant. ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion to remand this case to state court [DE 10] and to expedite consideration of such motion [DE 11], and Defendant's motion to void the state court judgment [DE 16].

## BACKGROUND

This case, removed from Onslow County District Court, stems from a concerning set of facts. Plaintiff DeSelms was appointed by the Onslow County Clerk of Superior Court to be the Commissioner of Sales for a property located in Jacksonville, North Carolina [DE 10-1 at 2]. Defendant Ford, purporting to be the lawful owner of the property, began to harass and stalk Plaintiff DeSelms, ultimately resulting in the state court's entry of a temporary no-contact order [DE 10-1 at 2]. It is this case, 24-CVD-2096, that Defendant appears to be attempting to remove to this Court [DE 10-1 at 12].

Before beginning its analysis, the Court notes that this is not the first case that Defendant Ford has removed from Onslow County District Court. On November 6, 2024, the Court remanded *Mikki White v. Oliver Ford*, No. 7:24-cv-00967-BO-BM (E.D.N.C. 2024). This case presents identical facts, and the analysis leads to an identical conclusion.

## ANALYSIS

### I. Ford has failed to demonstrate subject matter jurisdiction.

A district court may *sua sponte* remand a case back to state court based on a lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008). A defendant may remove an action to federal court only if the complaint demonstrates diversity jurisdiction or federal question jurisdiction on its face. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Despite numerous disjointed allegations of the violation of constitutional rights, nowhere in the state court complaint are alleged facts that could conceivably support such claims. At its heart, this is a case about state-law stalking. Such claims do not present a matter appropriate for federal adjudication. *Gwaltney v. White*, 2016 WL 3255029 at *2 (M.D.N.C. 2016) (stalking claim lacked subject matter jurisdiction). Similarly, as both the defendant and plaintiff are residents of the State of North Carolina, diversity jurisdiction is inapplicable [DE 1 at 2]. Because this Court lacks subject matter jurisdiction, it must remand this matter to state court.

### II. Ford's counterclaims are barred by *Rooker-Feldman*.

The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction over challenges to state court decisions. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). Here, Ford directly challenges the validity of state court proceedings and a no-contact order entered against him on behalf of Plaintiff DeSelms [DE 16 at 2, DE 10-1 at 12]. Put simply, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citation omitted). To the extent that Ford has made out a counterclaim, it is not one over

which the Eastern District of North Carolina may exercise jurisdiction. *Duncan v. McKinney*, 2017 WL 6888832 at *3 (M.D.N.C. 2017).

## CONCLUSION

For the above reasons, Plaintiff's motion to expedite consideration [DE 11] is GRANTED. Plaintiff's motion to remand [DE 10] is GRANTED. Defendant's motion for relief from the state court judgment [DE 16] is DENIED. Ford's counterclaim is DISMISSED, and this matter is REMANDED to the Onslow County District Court. The clerk is DIRECTED to close the case.

SO ORDERED, this 3 day of April 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE